UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Berman

------------------------------------------------------------X
SEAMOUNT INTERNATIONAL ASSOCIATION LTD. :
c/o SCAN TRANS INC.,                    :
                                        :
                    Plaintiff,          :   07 CIV 8615
                                        :
        - against -                     :
                                        :
COMPANHIA SIDERURGICA NACIONAL-CSN EXCO :
a/k/a COMPANHIA SIDERURGICA NACIONAL a/k/a :
CSN,                                    :
                                        :
                    Defendant.          :
------------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, SEAMOUNT INTERNATIONAL ASSOCIATION LTD. c/o SCAN TRANS INC., ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, COMPANHIA SIDERURGICA NACIONAL-CSN EXCO a/k/a COMPANHIA SIDERURGICA NACIONAL a/k/a CSN ("Defendant"), alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Liberia.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Brazil.

4.      At all material times Plaintiff was the disponent Owner of the ocean going motor vessel "WINSOME WISDOM"(hereinafter the "Vessel").

5.      Pursuant to a charter party dated March 6, 2007, Plaintiff chartered the Vessel

to Defendant for a voyage from Rio de Janeiro, Brazil to Sousse, Tunisia.

6. The cargo, a consignment of time plates in bundles, were carried under bills of lading no. 1001-1005.

7. During the course of the charter, disputes arose between the parties stemming from damage allegedly caused to the cargo due the negligence of the stevedores.

8. Various allegations were raised by the cargo receivers with regards to the alleged damaged condition of the cargo.

9. The cargo receivers then sought to arrest the Vessel to obtain security for their claims.

10. Despite the fact that Defendant is wholly or substantially liable for the alleged cargo damage pursuant to the charter party, the receivers, pursuant to the bills of lading issued by the Plaintiff, are entitled to raise their cargo claims in the first instance against the Vessel and the Plaintiff as Vessel Owners.

11. In lieu of arrest, Plaintiff provided security for the cargo receivers claim in the amount of TND 80,000.00, approximately $62,496.60.

12. Plaintiff is entitled to recover from Defendant the cargo claims/damages asserted against it by the cargo receivers, for which the Defendant is wholly or substantially liable, under the clause 5 of charter party.

13. As a result of the alleged damage to the cargo for which Defendant is wholly or substantially liable under the charter party, Plaintiff has and will suffer losses resulting from claims asserted by cargo receivers in the total principal amount of $62,496.60, exclusive of interest, reasonable attorney's fees and arbitration costs.

14. In addition, Defendant failed to provide security for the alleged damage to the

2

cargo, leaving Plaintiff to settle and/or secure the claims and demands presented by third-party cargo receivers for cargo damage, all in breach of the Defendant's obligations under the charter party.

15.  Defendant has also failed to pay the detention charges incurred in Sousse and the demurrage incurred at Rio Janeiro due and owing to Plaintiff under the charter party in the total principal amount of $49,433.55, exclusive of interest, reasonable attorney's fees and costs, all in breach of the charter party.

16.  Pursuant to clause 60 of the charter party contract, if a settlement is not reached at a mandatory meeting between the parties and subsequent mediation pursuant to the London Maritime Arbitrators Association ("LMAA") mediation terms (2002), all disputes between the parties are to be referred to the High Court of Justice in London with English Law to apply.

17.  Pursuant to Clause 4.3 of the LMAA mediation terms, if one party rejects the invitation to mediation or if the other party or parties fail to respond to the invitation within 14 days or any other period that may be stated in the invitation, there will be no mediation procedure for the time being.

18.  The mandatory meeting took place between the parties, however, no settlement was reached.

19.  Defendant was also sent an invitation for mediation.

20.  However, Defendant did not respond with the 14 days given, thus the mediation procedure under the LMAA terms has been terminated.

21.  Despite due demand, Plaintiff has failed to pay the amounts due and owing under the charter party and the parties have failed to settle the dispute at the mandatory meeting or mediation.

3

22. As a result, Plaintiff is preparing initiate suit against the Defendant on its claims in High Court of Justice in London.

23. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Judgment(s) and/or Award of Costs to be issued in this matter:

| | | |
|---|---|---:|
| A. | Principal claim: | |
| | Cargo claim: | $62,496.60 |
| | Detention: | $14,250.00 |
| | Demurrage: | $35,183.55 |
| B. | Interest on claims: <br> 3 years at 6.5%, compounded quarterly | $23,886.74 |
| C. | Attorney's fees: | $25,000.00 |
| D. | Recoverable costs/expenses: | $10,000.00 |
| **Total** | | **$170,816.89** |

24. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

25. The Plaintiff seek an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That pursuant to 9 U.S.C. §§ 201 et. seq. and/or principles of comity this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$170,816.89** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff its attorney's fees and costs of this action; and

F. That the Plaintiff have such other, further and different relief as the Court deems proper.

Dated: October 4, 2007
      Southport, CT

                            The Plaintiff,
                            SEAMOUNT INTERNATIONAL ASSOCIATION LTD.
                            c/o SCAN TRANS INC.

By: _____
      Patrick F. Lennon
      Nancy R. Peterson
      LENNON, MURPHY & LENNON, LLC
      420 Lexington Ave., Suite 300
      New York, NY 10170
      (212) 490-6050 – phone
      (212) 490-6070 – fax
      pfl@lenmur.com
      nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )   ss.:   Southport
County of Fairfield  )

1.   My name is Nancy R. Peterson.

2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.   I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   October 4, 2007
         Southport, CT

                                                    _____
                                                    Nancy R. Peterson

Case 1:07-cv-08615-RMB    Document 1    Filed 10/04/2007    Page 14 of 14