UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SEAMOUNT INTERNATIONAL ASSOCIATION  :
LTD., c/o SCAN TRANS INC.,          :
                                    :  07 CV 8615  (RMB)
                  Plaintiff,        :
       -against-                    :
                                    :  **ANSWER TO VERIFIED**
COMPANHIA SIDERURGICA NACIONAL-     :  **COMPLAINT**
CSN EXCO a/k/a COMPANHIA SIDERURGICA :
NACIONAL a/k/a CSN,                 :
                                    :
                  Defendant.        :
------------------------------------------------------------------x

Defendant Companhia Siderurgica Nacional – CSN EXCO ("CSN") by and through its attorneys, Duane Morris LLP, for and as its answer to the Verified Complaint (the "Complaint") herein, admits, denies, and avers upon information and belief as follows:

1. Admits the allegations of Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies same.

3. Admits the allegations of Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies same.

5. Admits the allegations of Paragraph 5 of the Complaint.

6. Admits the allegations of Paragraph 6 of the Complaint.

7. Admits that disputes have arisen concerning damage allegedly caused to the cargo by the negligence of stevedores, that the charter party provides that "Stevedores to be considered as Owners [sic] servants," and except as so admitted, denies the allegations of Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies same.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies same.

10. Admits that the receivers are entitled to raise their cargo claims against the Vessel and the Plaintiff, admits that the Charter Party expressly provides that "CHARTERER'S LIABILITY FOR THE CARGO: Charterers' liability shall cease as soon as cargo is shipped, except for payment of freight, demurrage at Loading Port, detention at discharge port and dead freight, if any," and except as so admitted, denies the allegations of Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies same.

12. Denies the allegations of Paragraph 12 of the Complaint.

13. Denies the allegations of Paragraph 13 of the Complaint.

14. Admits that CSN has not provided security for the alleged damage to the cargo, and except as so admitted, denies the allegations of Paragraph 14 of the Complaint.

15. Admits that CSN has not paid any detention at the discharge ports, admits that Charterer has paid the full amount claimed by Plaintiff to be due for demurrage at Rio de Janeiro, and except as so admitted, denies the allegations of Paragraph 15 of the Complaint.

16. Admits the allegation of Paragraph 16 of the Complaint.

17. Admits the Allegations of Paragraph 17 of the Complaint.

18. Admits that no settlement has been reached, and except as so admitted, denies the allegations of Paragraph 18 of the Complaint.

19. Denies the allegations of Paragraph 19 of the Complaint.

20. Admits that CSN did not respond to any invitation to mediation because no such invitation was received, and except as so admitted, denies the allegations of Paragraph 20 of the Complaint.

21. Denies the allegations of Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore denies same.

23. Denies the allegations of Paragraph 23 of the Complaint.

24. Admits the allegations of Paragraph 24 of the Complaint, but denies that Plaintiff is entitled to utilize the procedures of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

25. Admits that the Plaintiff improperly caused the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and except as so admitted denies the allegations of Paragraph 25 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

(Failure to Perform Conditions Precedent to Suit)

1. CSN repeats and realleges the allegations of Paragraph 1 through 25 of the Answer as though fully set forth herein.

2. The Charter Party requires that conditions precedent to any litigation between the parties are (1) a meeting between the parties to discuss the matter and attempt to reach agreement, and (2) that in the event of any failure to reach such an agreement, mediation before the London Maritime Arbitrators Association is required.

3. Plaintiff has failed to comply with the aforesaid conditions precedent to litigation, and accordingly, this case should be dismissed and the order of maritime attachment and garnishment improperly obtained by Plaintiff should be vacated.

### SECOND AFFIRMATIVE DEFENSE

(The "FIOS" Terms and Conditions of Carriage Relieve
CSN of Liability for Claims at the Discharge Port)

4. CSN repeats and realleges the allegations of Paragraph 1 through 25 of the Answer as though fully set forth herein.

5. The Charter Party expressly provides that the terms and conditions of carriage were "FIOS."

6. Under the provisions of "FIOS" carriage, CSN is not responsible or liable for any costs or damages with respect to the discharge of the cargo.

7. Upon information and belief, all claims for cargo damage and detention arise out of the negligence of the stevedores at the discharge port.

8. The Charter Party expressly provides that "Stevedores to be considered as Owners [sic] servants."

9. By reason of the "FIOS" terms and conditions of carriage, and the provision that the stevedores are to be considered Owners' servants, CSN is not liable for any cargo damage or detention at the discharge port.

### THIRD AFFIRMATIVE DEFENSE

(The "Cesser" Clause Relieves CSN of Any Liability for Cargo
Damage or Detention at the Discharge Port)

10. CSN repeats and realleges the allegations of Paragraph 1 through 25 of the Answer as though fully set forth herein.

11. The Charter Party expressly provides that "CHARTERER'S LIABILITY FOR THE CARGO: Charterers' liability shall cease as soon as cargo is shipped, except for payment of freight, demurrage at Loading Port, detention at discharge port and dead freight, if any."

12. By reason of the aforesaid provision of the Charter Party, CSN has no liability to Plaintiff for cargo damage.

13. The Charter Party expressly provides that "Time lost due to cargo damage not to count as laytime."

14. By reason of this provision of the Charter Party, CSN is not liable for any detention at the discharge port.

## FOURTH AFFIRMATIVE DEFENSE

**(The Claim for Demurrage at the Load Port is Barred By Payment Thereof)**

15. CSN repeats and realleges the allegations of Paragraph 1 through 25 of the Answer as though fully set forth herein.

16. CSN duly and fully paid the amount of the demurrage claimed by Plaintiff at the port of Rio de Janeiro. Accordingly, the claim is improperly asserted and CSN has no liability to Plaintiff for any demurrage, interest, or attorneys' fees in connection therewith.

WHEREFORE, Defendant CSN prays that an Order be entered:

A. Dismissing the Complaint herein and vacating the Order of Maritime Attachment and Garnishment issued by the Court;

B. Directing that Plaintiff appear and mediate any claims before the London Maritime Arbitrators Association or such other body as the parties may mutually agree;

C. Awarding to CSN its attorneys' fees and costs incurred in defending this action; and

    D.    Granting CSN such other and further relief as the Court deems just and proper.

Dated: New York, New York
        November 7, 2007

DUANE MORRIS LLP

By: /s/ Robert J. Zapf
     Robert J. Zapf
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (213) 692-1020
Attorneys for Defendant Companhia
Siderurgica Nacionale- CSN EXCO