**Duane Morris**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

ROBERT J. ZAPF
DIRECT DIAL: 213.689.7475
E-MAIL: rjzapf@duanemorris.com

www.duanemorris.com

6/25/08

June 20, 2008

**VIA FEDEX**

Hon. Richard M. Berman
United States District Judge
Attn: Anne
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1581

**MEMO ENDO**
p. 2

Re:  **Seamount International Associated Ltd. c/o Scan Trans v. Companhia Siderugica Nacional-CSN-Exco**
Docket #: 07-Civ. 8615 (RMB)

Dear Judge Berman:

We are counsel for defendant Companhia Siderugica Nacional ("CSN"), and have received a copy of the letter dated June 18, 2008 from counsel for plaintiff, Seamount International Associated Ltd. ("Seamount") addressed to you.

In this action, Seamount, the disponent owner of the MV WINSOME WISDOM (the "Vessel"), sued CSN, the charterer of the Vessel, claiming that CSN was liable for cargo damage sustained at the port of discharge in Tunisia and expenses incurred in connection with such cargo damage. Seamount also claimed demurrage of $35,183.55 which had already been paid by CSN. The parties have agreed to reduce the amount of security seized by Seamount accordingly.

The charter party requires as a condition precedent to any suit that the parties meet to discuss any disputes, and participate in a mediation before the London Maritime Arbitrators Association. No such mediation proceedings were conducted before Seamount filed this action and seized CSN's funds in New York. The charter party further requires that any litigation be conducted before the High Court of Justice in London, England.

Counsel's letter reveals that Seamount has not yet been required to pay any cargo damage; that the matter is now proceeding between the cargo receivers and Seamount in Tunisia; that "a final decision is expected shortly;" and that Seamount may not have any damages at all.

DuaneMorris

Hon. Richard M. Berman
June 20, 2008
Page 2

      In light of these facts, and without prejudice to the above defenses and all other defenses as set forth in the Answer to the Complaint, CSN does not object to the transfer of this action to a suspense calendar. CSN does request that any order accomplishing such a transfer include a provision that Seamount is to report to the Court and to CSN on the status of the matter in Tunisia on a quarterly basis or on such other basis as the Court deems appropriate.

                                Respectfully submitted,

                                  Robert J. Zapf

RJZ/grc

cc: Nancy R. Peterson (Siegel) via FedEx

> Application to place this matter on the suspense calendar is denied. The parties are to update the Court regarding the status of this case by 8/20/08 (noon).
>
> SO ORDERED:
> Date: 6/24/08
> Richard M. Berman, U.S.D.J.